**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STACY RUSSELL, JAVIER CASTANEDA, QUEEN STINSON, GARRETT MAGEE, and STEPHEN E. RICHEY, individually and on behalf of all others similarly situated,<br><br>　　Plaintiffs,<br><br>v.<br><br>ILLINOIS TOOL WORKS INC., THE BOARD OF DIRECTORS OF ILLINOIS TOOL WORKS INC., THE ILLINOIS TOOL WORKS INC. EMPLOYEE BENEFITS INVESTMENT COMMITTEE, and JOHN DOES 1-30,<br><br>　　Defendants. | Case No. 1:22-cv-2492<br><br>Honorable Charles R. Norgle |

**DEFENDANTS' MOTION TO STAY PENDING DECISIONS IN**
***HUGHES v. NORTHWESTERN UNIVERSITY* AND *ALBERT v. OSHKOSH CORP.***

Illinois Tool Works Inc., the Board of Directors of Illinois Tool Works Inc., and the Illinois Tool Works Inc. Employee Benefits Investment Committee (collectively, "Defendants") respectfully move for a stay of this action pending decisions in *Hughes v. Northwestern University*, No. 18-2569 (7th Cir.), and *Albert v. Oshkosh Corp.*, No. 21-2789 (7th Cir.). As explained below, it is likely that the decisions in these cases will be issued in the near future and will clarify the applicable pleading standard for ERISA breach of fiduciary duty claims in this Circuit. Instead of briefing a motion to dismiss while these decisions are pending, Defendants submit that a stay until the decisions are issued will serve both judicial economy and the interests of the parties.[1]

---

[1] Counsel for Defendants have conferred with counsel for Plaintiffs prior to filing this motion, and counsel for Plaintiffs opposes this request.

-1-

## BACKGROUND

***The Current Litigation***. Plaintiffs filed this action on May 11, 2022. Their Complaint brings claims for breach of the fiduciary duty of prudence (Count I) and failure to monitor other fiduciaries (Count II) under Sections 409 and 502 of ERISA, the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1109, 1132. In particular, Plaintiffs allege that Defendants: (1) caused participants in the ITW Savings and Investment Plan ("Plan") to pay excessive recordkeeping and administrative fees; and (2) offered participants in that Plan target date funds with a glide path[2] that Plaintiffs believe is suboptimal. *See generally* Dkt. 1. Defendants' response to the Complaint currently is due July 12, 2022. Dkt. 3, Dkt. 4 & Dkt. 5.

***The* Hughes *Appeal.*** On January 24, 2022, the Supreme Court vacated the Seventh Circuit's most recent decision addressing the pleading standard that applies to ERISA breach of fiduciary duty claims. *See Divane v. Northwestern University*, 953 F.3d 980 (7th Cir. 2020), *rev'd and remanded sub nom. Hughes v. Northwestern University*, 142 S. Ct. 737 (2022). In *Divane*, the Seventh Circuit affirmed the district court's dismissal of prudence claims based on (among other things) a plan's recordkeeping expenses and investment options. As the Supreme Court explained in *Hughes*, however, the Seventh Circuit "erred in relying on the participants' ultimate choice over their investments to excuse allegedly imprudent decisions" by the fiduciaries. 142 S. Ct. at 742. Rather than decide whether the complaint stated a claim, the Supreme Court remanded for the Seventh Circuit to "reevaluate the allegations as a whole." *Id.*; *see also id.* at 740 (remanding for "reconsideration of petitioners' allegations").

---

[2] A "glide path" refers to the shift in a target date fund's asset allocation between stocks, bonds, and other asset classes over time. *See* U.S. Department of Labor, Employee Benefits Security Admin., *Target Date Retirement Funds—Tips for ERISA Plan Fiduciaries* 1 (Feb. 2013), https://www.dol.gov/sites/ dolgov/files/EBSA/about-ebsa/our-activities/resource-center/fact-sheets/target-date-retirement-funds.pdf.

*Hughes* now is pending before the Seventh Circuit, which has indicated that it believes that "it will benefit from additional briefing and oral argument" in addressing the sufficiency of the complaint. *See* Order, *Hughes*, No. 18-2569 (7th Cir.), Dkt. 100 at 2 (attached as Exhibit A). The appellants in *Hughes* submitted their supplemental brief on June 1. The appellees' supplemental brief is due July 1. The appellants' reply is due July 22. The Seventh Circuit will schedule oral argument "later this year." *Id*.

**The** Albert *Appeal.* Soon after the Supreme Court granted certiorari in *Hughes*, the court in *Albert v. Oshkosh Corp.* granted a motion to dismiss ERISA breach of fiduciary duty claims based on allegations about plan recordkeeping fees and supposedly high-cost investment options. 2021 WL 3932029 (E.D. Wis. Sept. 2, 2021). The plaintiff appealed that dismissal to the Seventh Circuit. On December 8, 2021, the Seventh Circuit stayed briefing in the appeal pending the Supreme Court's *Hughes* decision. *Albert*, No. 21-2789 (7th Cir.), Dkt. 19 (attached as Exhibit B). After the Supreme Court issued *Hughes*, the Seventh Circuit lifted the stay and heard oral argument in *Albert* on June 2, 2022. *Albert*, No. 21-2789 (7th Cir.), Dkt. 46.

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). This Court has "broad discretion" to decide whether to order a stay. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

**I.      The Court Should Stay This Case While The *Hughes* and *Albert* Appeals Are Pending.**

When deciding whether to grant a stay, a court "balance[s] the competing interests of the parties and the interest of the judicial system" by considering three factors: (1) whether a stay will simplify the issues and streamline the trial; (2) whether a stay will reduce the burden of litigation

on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party. *Berkeley\*IEOR v. Teradata Operations, Inc.*, 2019 WL 1077124, at \*5 (N.D. Ill. Mar. 7, 2019). All of these factors weigh in favor of a stay here.

***First***, a stay will streamline the litigation. The Seventh Circuit's decisions in *Hughes* and *Albert* are likely to shed light on the pleading standard that courts should apply to breach of fiduciary claims based on recordkeeping expenses or investment options—an issue that could potentially dispose of some or all of the claims in this litigation at the outset.

Following *Hughes*, the pleading standard that a court should apply to breach of fiduciary duty claims based on investments and recordkeeping expenses is in flux. For instance, in their Circuit Rule 54 statements on remand, the parties in *Hughes*, and the U.S. Secretary of Labor and U.S. Chamber of Commerce, which filed opposing position statements as *amici curiae,* differed sharply in their interpretation of the Supreme Court's decision and its effect on the applicable pleading standard. *See Hughes*, No. 18-2569 (7th Cir.), Dkt. 79, Dkt. 81, Dkt. 88 & Dkt. 96. Similarly, the parties in *Albert* have taken diametrically opposing views of *Hughes* in their own papers. *See Albert*, No. 21-2789, Dkt. 27, Dkt. 34 & Dkt. 39. Accordingly, it is very likely that the Seventh Circuit's decisions in both of these cases will provide important guidance on the proper pleading standard for recordkeeping and investment claims in this Circuit following the Supreme Court's decision. Courts have acknowledged the propriety of a stay in these circumstances. *See* Order, *Nohara v. Prevea Clinic, Inc.*, No. 2:20-cv-01079 (E.D. Wis.), Dkt. 43 at 1–2 (Sept. 30, 2021) (attached as Exhibit C) (*sua sponte* concluding that because "the Supreme Court's decision [in *Hughes*] will likely clarify the pleading requirements for ERISA breach of fiduciary claims in cases such as this, the Court concludes that in the interest of judicial economy the case should be stayed pending the Supreme Court's decision."); *cf. Starts v. Little Caesar Enterprises, Inc.*, 2021

-4-

WL 4988317, at *2 (N.D. Ill. Oct. 19, 2021) ("[s]taying the case pending the appellate courts' decisions would simplify and streamline further proceedings").

**Second**, a stay will reduce the burdens on the parties and the Court. It does not make sense for the parties to brief, or for the Court to decide, a motion to dismiss while two important appeals on similar questions are briefed and pending in the Seventh Circuit. Nor does it make sense to begin by briefing the motion to dismiss under pre-*Hughes* and pre-*Albert* authority, only for the motion to sit so that the parties can submit supplemental briefing whenever those decisions are issued. The far more efficient course is for the Court to stay the deadlines in this litigation so that the parties can submit a single round of briefing under the applicable legal standard.[3]

Again, precedent supports a stay in these circumstances. *See Vaughan v. Biomat USA, Inc.*, 2020 WL 6262359, at *2 (N.D. Ill. Oct. 23, 2020) (granting motion to stay because it made "little sense for the parties or the court to expend time and resources litigating dispositive issues where appellate guidance is forthcoming" and collecting similar cases); *Ozinga v. U.S. Dep't of Health & Hum. Servs.*, 2013 WL 12212731, at *2 (N.D. Ill. Aug. 14, 2013) ("It would be a waste of resources to require the parties to brief these issues now under pre-*Korte* and *Grote* case law and for this Court to prematurely proceed in this case only to risk issuing an opinion inconsistent with the Seventh Circuit's forthcoming ruling[s]."). Indeed, the Seventh Circuit itself recognized the

---

[3] For this reason, Defendants submit that Plaintiffs' counterproposal of an extended briefing schedule is not preferable to a stay. Plaintiffs proposed stipulating to a lengthier period of time for the opening, response, and reply briefs, with the parties potentially addressing a decision in one or both of the pending appeals at some point during the schedule. But this would require the parties to brief the motion to dismiss under potentially different legal standards, and likely would involve unnecessary rounds of supplemental briefing. *See Hundley v. Henry Ford Health Sys.,* 2021 WL 4775356, at *3 (E.D. Mich. Oct. 13, 2021) ("As a practical matter, . . . even if this Court were to deny Defendants' motion to stay, it would be unlikely that this Court would issue a decision on Defendants' yet-to-be-filed Motion to Dismiss before the Supreme Court issues its decision in *Hughes*. Defendants would not file their motion to dismiss in this case until October 19, 2021 and, thereafter, the parties would then have to brief the motion.").

value of a stay while awaiting guidance from a higher court on ERISA pleading issues when it suspended the briefing in *Albert* pending the Supreme Court's decision in *Hughes*. *See* Ex. B.

**Finally**, a stay will not prejudice Plaintiffs. This case is at its earliest stages. Plaintiffs seek predominantly monetary relief and do not claim that Defendants will be unable to satisfy any judgment that might be entered in this case. Nor did Plaintiffs' counsel articulate any other prejudice from a stay when the parties conferred regarding this issue. In addition, any stay is likely to be of a short duration, given the advanced status of both pending appeals. Briefing in the remanded *Hughes* case will be complete at the end of July, and oral argument will be scheduled soon after. The court has already heard oral argument in *Albert*. Even if the Seventh Circuit holds the decision in *Albert* to coordinate with *Hughes*, it is likely that decisions in both cases will be forthcoming in six months, if not less. Seventh Circuit Internal Operating Procedures No. 9 (presumptive times for action); *see also Laufer v. Luci-Gene Inc.*, 2021 WL 5097570, at *1 (C.D. Ill. Nov. 2, 2021) ("the Court does not anticipate a significant stay as the Seventh Circuit has already heard arguments on the case").

## II.     If The Court Does Not Stay This Case, Defendants Request Fourteen Days To Answer or Move to Dismiss.

In light of the July 4 holiday and the Court's motion schedule, if the Court chooses not to stay this action, Defendants ask in the alternative for fourteen days from the date of the Court's order on this motion to answer the Complaint or submit a motion to dismiss. Plaintiffs' counsel does not object to a two-week extension in the event the Court denies the motion to stay.

## CONCLUSION

The Court should stay this case pending a decision in *Hughes v. Northwestern University*, No. 18-2569 (7th Cir.), and *Albert v. Oshkosh Corp.*, No. 21-2789 (7th Cir.). Alternatively, if the

Court denies this motion, it should allow Defendants fourteen days from the date of the denial to

answer or move to dismiss Plaintiffs' Complaint.


Dated: July 1, 2022                                    Respectfully submitted,

                                                       /s/ *Nancy G. Ross*
                                                       Nancy G. Ross
                                                       Abigail M. Bartine
                                                       Jed W. Glickstein
                                                       MAYER BROWN LLP
                                                       71 South Wacker Drive
                                                       Chicago, IL 60606-4637
                                                       (312) 782-0600
                                                       nross@mayerbrown.com
                                                       abartine@mayerbrown.com
                                                       jglickstein@mayerbrown.com

                                                       *Counsel for Defendants Illinois Tool Works*
                                                       *Inc., the Board of Directors of Illinois Tool*
                                                       *Works Inc., and the Illinois Tool Works Inc.*
                                                       *Employee Benefits Investment Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2022, I caused a true and correct copy of the foregoing document to be filed electronically. Notice of the filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Dated: July 1, 2022

By: /s/ *Nancy G. Ross*
*Attorney for Defendants*